IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| TOSHEENA DEAN, AS ADMINISTRATOR OF THE ESTATE OF MICHAEL DEAN, DECEASED, *PLAINTIFF* | § § § § | CIVIL ACTION NO. 6:21-CV-1223 |
| V. | § § § | JURY TRIAL DEMANDED |
| CARMEN DECRUZ AND THE CITY OF TEMPLE, TEXAS, *DEFENDANTS* | § § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

Plaintiff Tosheena Dean, as Administrator of the Estate of Michael Dean, files her Complaint against Defendants Carmen DeCruz and The City of Temple, Texas. Plaintiff respectfully shows the Court the following:

1. On December 2, 2019, Michael Dean was shot and killed by Carmen DeCruz, a Temple, Texas police officer.

2. Plaintiff brings this action against Defendant Temple and Defendant Carmen DeCruz, a former police officer (and thus agent and servant) for Temple, for Cruz's use of excessive and deadly force on Michael Dean.

3. Decedent Michael Dean was unmarried at the time of his death, and he had three surviving children: D.G.D., A.L.D., and T.P.D.

4. Plaintiff Tosheena Dean brings this action under Texas's wrongful death and survivorship statutes.

5. Plaintiff Tosheena Dean brings survivorship claims on behalf of the Estate of Michael Dean.

6. Plaintiff brings wrongful death claims on behalf of Mr. Dean's children, D.G.D., A.L.D., and T.P.D.

7. Plaintiff alleges that the City of Temple, Texas, failed to properly train, supervise, screen, discipline, transfer, counsel, or otherwise properly equip and control officers, including those the City knew or should have known to engage in the use of excessive force and/or deadly force.

8. The City had a duty to respect Plaintiff's constitutional rights, but it failed to implement and/or enforce training, policies, practices, and procedures that did so for the Temple Police Department.

9. Defendant City's failure to adequately supervise, discipline, and train Defendant DeCruz, failure to implement the necessary policies and procedures, and affirmative implementation of unconstitutional policies caused Plaintiff's unwarranted and excruciating physical and mental anguish and death.

10. Former Police Chief Tobin and/or Councilmembers Davis, Walker, Morales, Long, and William are policymakers for the City of Temple and were aware of the failures of the City and the likelihood that these failures would result in the violation of the constitutional rights of inhabitants, but they failed to take any steps to rectify these failures.

11. For these civil rights violations and other causes of action below, Plaintiff seeks redress and compensation for damages and the wrongful death of

Michael Dean.

## PARTIES

12. Plaintiff Tosheena Dean is the administrator of the Estate of Michael Dean and an adult resident of the state of Texas.

13. Defendant Carmen DeCruz was at all relevant times a police officer with the Temple Police Department.

14. Defendant Temple, Texas, is a municipality duly organized and existing under the laws of the state of Texas. Defendant Temple, Texas, is responsible for the funding, budget, policies, operation, and oversight of the Temple Police Department. The Temple Police Department is also responsible for preventive, investigative, and enforcement services for all citizens of Temple. Defendant Temple, Texas, may be served at the Office of the City Attorney, 2 North Main Street, Temple, Texas 76102.

15. Former Chief Tobin was at all relevant times the Chief of Police for the Temple Police Department. Chief Tobin was the highest-ranking officer in the police department and was the final authority on the day-to-day operation of the police department, including tactical operations, training, discipline, screening, and other matters.

16. Tim Davis was at all relevant times the Mayor of the City of Temple, Texas. To the extent Chief Tobin was not a policymaker, Mayor Davis and the Councilmembers were the final authority on the day-to-day operation of the police department, including tactical operations, training, discipline, screening, and other matters.

17. Jessica Walker, Judy Morales, Susan Long, and Wendell William were, at all relevant times, Councilmembers of the City of Temple, Texas. To the extent Chief Tobin was not a policymaker, the Councilmembers in conjunction with Mayor Davis were the final authority on the day-to-day operation of the police department, including tactical operations, training, discipline, screening, and other matters.

## JURISDICTION AND VENUE

18. Jurisdiction exists in this Honorable Court pursuant to 28 U.S.C. §§ 1331 and 1343 because Plaintiffs brings this action pursuant to 42 U.S.C. § 1983 to redress a deprivation of Decedent Michael Dean's Fourth Amendment rights. Plaintiff further invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to adjudicate pendent state law claims.

19. Venue is proper in this Honorable Court because Defendants' constitutional violations, intentional torts, and otherwise violative conduct occurred within the Western District of Texas.

## THE KILLING OF MICHAEL DEAN

20. On or about December 2, 2019, at approximately 8:00 PM, Defendant DeCruz initiated a traffic stop of Mr. Dean's vehicle for allegedly speeding.

21. DeCruz activated his lights and sirens, and Mr. Dean stopped his vehicle at the intersection of Little River Road and Loop 363.

22. Once the vehicles were stopped, DeCruz exited his patrol car and approached the passenger side of Mr. Dean's vehicle.

23. Upon seeing DeCruz approach, Mr. Dean lowered the passenger-side

window.

24. While approaching, DeCruz pulled his service weapon from his holster with his right hand.

25. Upon arriving at the passenger-side window, DeCruz bent over, pointed his firearm through the window at Mr. Dean and discharged.

26. DeCruz's shot struck Mr. Dean in the head and killed him.

27. Mr. Dean was unarmed at the time of his death.

28. Mr. Dean had no outstanding warrants, nor was he suspected of any crime other than a violation of the motor vehicle code.

29. Mr. Dean did not make any threatening gestures towards DeCruz.

30. Following the shooting, the Texas Rangers performed an investigation.

31. As a result of the investigation, Defendant DeCruz was arrested and charged with manslaughter.

## FAILURES OF THE TEMPLE POLICE DEPARTMENT

32. The Temple Police Department has displayed a consistent and systematic failure to address the continued use of excessive force against black people.

33. In February 2016, the City recognized its prior failures and implemented a new policy designed to take "appropriate corrective action" against officers who have been shown to engage in racial profiling.

34. Despite this acknowledgment of past failures and new policy implementation, use of force against black individuals has steadily increased from

2.39% of arrests in 2016 to 3.98% of arrests in 2018.

35. Notably, in 2018, Black individuals represented only 37% of all arrests, but over 58% of all use-of-force incidents by Temple Police Officers.

36. This statistically significant variance demonstrates that the Department's efforts to train officers on implicit bias, racial stereotyping, and equal protection were constitutionally inadequate.

37. Additionally, the Temple Police Department fails to properly train and regulate its officers on the proper manner through which to conduct vehicle stops.

38. This failure is driven in large part by the lack of any official policy of the Temple Police Department governing how officers should conduct vehicle stops.

39. The lack of a policy is particularly shocking given that, according to data from the Bureau of Justice Statistics, vehicle stops are the most common form of police–citizen interaction, representing 23.35% of all police–citizen interactions.

40. Studies have indicated that traffic stops are one of the most low-risk activities that police can engage in. *See e.g.*, Illya D. Lichtenberg & Alisa Smith, *How dangerous are routine police–citizen traffic stops? A research note*, 29 J. CRIM. JUST. 419–28 (2001); Jordan Blair Woods, *Policing, Danger Narratives, and Routine Traffic Stops*, 117 MICH. L. REV. 635 (2019).

41. Despite the low-risk nature of the traffic stop, Defendant DeCruz approached Mr. Dean with his firearm out and his finger on the trigger.

42. This unnecessary use of force is the result of Temple's failure to develop a vehicle-stop policy and train its officers on how to properly accomplish a vehicle

stop.

43. These failures are known to Defendants' policymakers.

## WRONGFUL DEATH ACTION

44. Plaintiff Tosheena Dean, as Administrator of the Estate of Michael Dean, deceased, hereby brings these claims pursuant to the Texas Wrongful Death Statute, Texas Civil Practice & Remedies Code § 71.004, on behalf of Mr. Dean's children and those persons entitled by law to recover damages as a result of the wrongful death of Michael Dean.

45. No one else has filed an action to recover for Michael Dean's death under the Texas Wrongful Death Statute or any other cause of action.

46. Plaintiff claims all available damages under the Texas Wrongful Death Statute for financial contributions and the loss of future services, support, society, comfort, affection, guidance, tutelage, and contributions that Decedent Michael Dean would have rendered to the wrongful death beneficiaries but for his traumatic, untimely, and unnatural death occurring as a result of Defendant DeCruz's unlawful shooting.

47. Plaintiff claims damages for all medical bills and/or expenses.

48. Plaintiff claims damages for payment of funeral and burial expenses.

## SURVIVAL ACTION

49. Plaintiff also brings her claims as a Survival Action under Texas Civil Practice & Remedies Code § 71.021, for all damages recoverable under the Statute, including but not limited to past and future loss of income, pain and suffering, and

mental anguish from the initiation of Defendant DeCruz's unlawful search tactics until Decedent's death.

**COUNT I: FOURTH AMENDMENT VIOLATION
AGAINST DEFENDANT CARMEN DECRUZ**

50. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

51. Plaintiff would show that Defendant DeCruz failed to act as an objectively reasonable officer would have acted in the same or similar circumstances. That is, Defendant DeCruz, without justification and the need to do so, pointed his firearm at Mr. Dean's head and discharged, killing him.

52. Defendant DeCruz's excessive and deadly force was not objectively reasonable or justified, nor was it necessary under the circumstances.

53. Plaintiff would show that Defendant DeCruz denied Dean of his right to be free from the use of excessive force in violation of the Fourth Amendment to the United States Constitution.

54. Defendant DeCruz embarked on a willful, malicious, reckless, and outrageous course of conduct that was intended to cause and in fact caused Decedent Dean to suffer extreme and severe mental and emotional distress, anxiety, terror and agony.

55. Plaintiff seeks survival damages, as stated above, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available wrongful death damages available under the law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant DeCruz, pursuant to 42 U.S.C. § 1983, in an amount in excess of $10 million, including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law, attorney's fees under U.S.C. §§ 1985 and 1988, and any other damages legally appropriate at the time of jury trial.

**COUNT II: ALTERNATIVE CLAIM FOR FOURTEENTH AMENDMENT VIOLATION AGAINST DEFENDANT CARMEN DECRUZ**

56. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

57. It is anticipated that Defendant DeCruz may argue, in an effort to escape accountability for the killing, that his use of unconstitutional deadly force against Mr. Dean was an accident.

58. Plaintiff would show that Defendant DeCruz acted in an outrageous and conscious-shocking manner when he pointed his firearm at Mr. Dean's head and caused it to discharge, killing him.

59. The reckless and outrageous conduct by Defendant DeCruz was not objectively reasonable or justified, nor was it necessary under the circumstances.

60. Plaintiff would show that Defendant DeCruz denied Dean of his substantive due process rights secured under the Fourteenth Amendment to the United States Constitution.

61. Defendant DeCruz embarked on a willful, malicious, conscious-

shocking, and outrageous course of conduct that caused Mr. Dean to suffer extreme and severe mental and emotional distress, anxiety, terror, and agony and ultimately death.

62. Plaintiff seeks survival damages, as stated above, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available wrongful death damages available under the law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant DeCruz, pursuant to 42 U.S.C. § 1983, in an amount in excess of $10 million, including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law, attorney's fees under U.S.C. §§ 1985 and 1988, and any other damages legally appropriate at the time of jury trial.

## COUNT III: ALTERNATIVE CLAIM FOR NEGLIGENT USE OF TANGIBLE PROPERTY AGAINST DEFENDANTS CARMEN DECRUZ AND THE CITY OF TEMPLE

63. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

64. It is anticipated that Defendant DeCruz may argue, in an effort to escape accountability for the killing, that his use of unconstitutional deadly force against Mr. Dean was an accident.

65. Plaintiff would show that Defendant DeCruz's actions constitute the negligent use of tangible property under Texas law, specifically that Defendant

DeCruz negligently discharged his firearm, striking and killing Michael Dean.

66. Plaintiff seeks survival damages, as stated above, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available wrongful death damages available under the law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant DeCruz and the City of Temple pursuant to Texas law, in an amount equal to the statutory damages cap, including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, punitive and exemplary damages as provided by law, and any other damages legally appropriate at the time of jury trial.

## COUNT IV: MUNICIPAL LIABILITY AGAINST DEFENDANT THE CITY OF TEMPLE

67. Plaintiff hereby incorporates all preceding paragraphs as if fully stated herein.

68. The customs, practices, and policies of the City of Temple were a moving force behind Defendant DeCruz's violation of Michael Dean's constitutional rights.

69. The City of Temple, through its many failures addressed *supra*, deprived Michael Dean of rights and privileges secured to him by the United States Constitution and by other laws of the United States.

70. The policymakers Tobin, Davis, Walker, Morales, Long, and Williams knew of the failures of the Temple Police Department as discussed herein but failed to take the necessary steps to rectify the failures and adequately protect the

constitutional rights of the people of Temple.

71. These failures and the refusal to rectify them were the moving force behind the deprivation of Michael Dean's constitutional rights.

72. Plaintiff seeks survival damages, as stated above, including for the nature and extent of Decedent's injuries, pre-death pain and suffering, emotional distress, and loss of life and enjoyment of life, as well as all available wrongful death damages available under the law.

**WHEREFORE**, Plaintiff demands judgment in her favor and against Defendant the City of Temple pursuant to 42 U.S.C. § 1983, in an amount in excess of $10 million, including interest, delay damages, costs of suit, general and specific damages, including both survival and wrongful death damages, attorney's fees under U.S.C. §§ 1985 and 1988, and any other damages legally appropriate at the time of jury trial.

Respectfully submitted,

**AMINI & CONANT, LLP**
408 West 11th Street, Fifth Floor
Austin, Texas 78701
service@aminiconant.com
t: (512) 222-6883
f: (512) 900-7967

By: R. Alex Conant
R. Alex Conant
Texas Bar No. 24074061
alex@aminiconant.com
*Local Counsel*

S. Lee Merritt, Esq.*
Daniel N. Purtell, Esq.*
John J. Coyle, Esq.*

MCELDREW YOUNG PURTELL MERRITT
123 South Broad Street
Suite 2250
Philadelphia, Pennsylvania 19109
t: (215) 545-8800
lee@mceldrewyoung.com
dan@mceldrewyoung.com
jcoyle@mceldrewyoung.com
*Pro Hac Vice Petition Forthcoming*