**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **TOSHEENA DEAN,**<br>　　　*Plaintiff,* | §<br>§<br>§ | |
| *v.* | §<br>§ | **CASE NO. 6:21-CV-01223-ADA-DTG** |
| **CARMEN DECRUZ and<br>THE CITY OF TEMPLE, TEXAS,**<br>　　　*Defendant* | §<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION TO DENY DEFENDANT
CITY OF TEMPLE, TEXAS'S MOTION TO DISMISS (ECF NO. 15)**

**TO:　THE HONORABLE ALAN D ALBRIGHT,
　　　UNITED STATES DISTRICT JUDGE**

　　　This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the defendant, The City of Temple, Texas's motion to dismiss. ECF No. 15. The motion has been fully briefed, and the Court finds that a hearing is unnecessary.[1] After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the motion be **DENIED.**

### I.　BACKGROUND

　　　This case arises from the untimely death of Michael Dean. According to the plaintiff's live complaint, Mr. Dean was stopped by Defendant DeCruz for speeding. ECF No. 13 ¶ 20.

---

[1] Both parties are reminded that Local Rule CV-10(a), titled "Form of Pleadings," requires footnotes to be 12-point or larger font and double-spaced unless they are more than two lines long.

When Defendant DeCruz approached the passenger side of Mr. Dean's car, Mr. Dean rolled down the window. *Id*. ¶¶ 22-23. For unexplained reasons, Defendant DeCruz unholstered his service weapon as he approached Mr. Dean's car, pointed the weapon at Mr. Dean, and discharged the weapon. *Id*. ¶¶ 24-25. Mr. Dean was struck in the head and killed. *Id*. ¶ 26.

The plaintiff asserted several claims on behalf of Mr. Dean's estate. She asserted a claim against Defendant DeCruz for a violation of the Fourth Amendment. ECF No. 13 at 8 (Count I). She also asserted an alternative claim against Defendant DeCruz for a violation of the Fourteenth Amendment. *Id*. at 9 (Count II). She asserted an alternative claim against Defendant Temple for negligent use of tangible property. *Id*. at 10. And finally, she asserted a claim against Defendant Temple for municipal liability for a violation of the Fourth Amendment. *Id*. at 11 (Count IV). While the present motion seeks dismissal of the plaintiff's amended complaint, the motion only addresses Defendant Temple's liability under the fourth claim—municipal liability under 42 U.S.C. § 1983 for violating Mr. Dean's Fourth Amendment rights. *See* ECF No. 15 at 3.

## II.   ANALYSIS

The defendant Temple's motion to dismiss is governed by Rule 12 of the Federal Rules of Civil Procedure. ECF No. 15 at 1 (citing Rule 12(b)(6)). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The court must evaluate the facts as pled, but disregard bare conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

For the plaintiff to allege a claim for municipal liability under section 1983, she must allege facts supporting several elements. A municipality is not vicariously liable for the conduct

of its employees, but rather, must be shown to have been directly liable. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). To do so, the plaintiff must identify an official policy or custom of the defendant Temple. *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002). She must also identify a policy maker who had actual or constructive knowledge of the policy or custom. *Id*. And finally, she must draw a causal link between the policy or custom and the constitutional violation. *Id*. When the plaintiff relies on the absence of a policy or a failure to train, such as in this case, she must prove that the absence or failure was either intentional or because the municipality was deliberately indifferent. *See Littell v. Hous. Indep. Sch. Dist.*, 894 F.3d 616, 624 (5th Cir. 2018); *Rhyne v. Henderson Cty.*, 973 F.2d 386, 392 (5th Cir.1992). Deliberate indifference can be alleged by facts showing a pattern of violations or by facts showing that the risk of a constitutional violation was a highly likely result of the lack of training. *Littell*, 894 F.3d at 624.

While the plaintiff's amended complaint is not overly detailed, she has alleged sufficient facts to state a claim when taking all reasonable inferences in her favor. The plaintiff has identified the policy makers for the defendant as council members, the mayor, and the former police chief. ECF No. 13 ¶¶ 15-17. The plaintiff has asserted that the defendant wholly lacked a policy or training for handling traffic stops. ECF No. 18 at 5-6 (citing ECF No. 13 ¶¶ 37-38). The plaintiff further alleged facts demonstrating that traffic stops are typically the most-common and low-risk interactions between the public and police officers. *Id*. at 6 (citing ECF No. 13 ¶¶ 39-40). Finally, the plaintiff contends that this lack of a policy or training directly resulted in Defendant DeCruz approaching Mr. Dean with his weapon drawn, finger on the trigger, and Mr. Dean's death. *Id*. (citing ECF No. 13 ¶¶ 24-25); *see also* ECF No. 13 ¶¶ 41-42. Based on these facts it is reasonable to infer that the policy makers were aware of the high frequency of

interactions that would occur between armed officers and the public and that a complete lack of policy would make it likely for a constitutional violation to occur. *See Rhyne*, 973 F.2d at 392.

The defendant's cited cases are unpersuasive. The *Spiller* case is unpersuasive as the connection between the identified policies and the plaintiff's wrongful arrest were not obvious as they are in the present case where the alleged absence of a policy resulted in the officer approaching a traffic stop with his firearm drawn and finger on the trigger. *See Spiller v. City of Tex. City*, 130 F.3d 162 (5th Cir. 1997). The *Evans* case is procedurally and factually distinguishable as it was decided at summary judgment and involved the level of training necessary to detect a suicide risk. *Evans v. City of Marlin*, 986 F.2d 104 (5th Cir. 1993). And the *Piotrowski* case was decided after a jury verdict and judgment. *Piotrowski v. City of Hous.*, 237 F.3d 567 (5th Cir. 2001). Finally, the defendant's characterization of *Flanagan* is unpersuasive as that case attempted to prove indifference by evidence of other similar events, not by proof of an obvious risk. *See Flanagan v. City of Dall., Tex.*, 48 F. Supp. 3d 941 (N.D. Tex. 2014).

### III.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant, The City of Temple, Texas's motion to dismiss (ECF No. 15) be **DENIED.**

### IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 16th day of June, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE