IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| TOSHEENA DEAN,<br>　　*Plaintiff,*<br><br>v.<br><br>CARMEN DECRUZ and<br>THE CITY OF TEMPLE, TEXAS,<br>　　*Defendant* | §<br>§<br>§<br>§<br>§　CASE NO. 6:21-CV-01223-ADA-DTG<br>§<br>§<br>§<br>§ |

**REPORT AND RECOMMENDATION TO GRANT-IN-PART AND DENY-IN-PART
DEFENDANT CARMEN DECRUZ'S MOTION TO DISMISS (DKT. NO. 20)**

**TO:   THE HONORABLE ALAN D ALBRIGHT,
　　　　UNITED STATES DISTRICT JUDGE**

　　This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is the defendant, Carmen DeCruz's motion to dismiss. Dkt. No. 20. The motion has been fully briefed, [1] and the Court finds that a hearing is unnecessary. After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the Motion be **GRANTED-IN-PART** and **DENIED-IN-PART.**

---

[1] Both parties are reminded that Local Rule CV-10(a), titled "Form of Pleadings," requires footnotes to be 12-point or larger font and double-spaced unless they are more than two lines long.

## I.   BACKGROUND

This case arises from the untimely death of Michael Dean. According to the plaintiff's live complaint, Mr. Dean was stopped by Defendant DeCruz for speeding. Dkt. No. 13 at ¶ 20. When Defendant DeCruz approached the passenger side of Mr. Dean's car, Mr. Dean rolled down the window. *Id*. ¶¶ 22-23. For unexplained reasons, Defendant DeCruz unholstered his service weapon as he approached Mr. Dean's car, pointed the weapon at Mr. Dean, and discharged the weapon. *Id*. at ¶¶ 24-25. Mr. Dean was struck in the head and killed. *Id*. ¶ 26.

The plaintiff asserted several claims on behalf of Mr. Dean's estate. She asserted a claim against Defendant DeCruz for a violation of the Fourth Amendment (Count I) and an alternative claim for a violation of the Fourteenth Amendment (Count II). *Id*. at 8-9. She asserted alternative claims against Defendant Temple for negligent use of tangible property (Count III) and municipal liability for a violation of the Fourth Amendment (Count IV). *Id*. at 10-11. The present motion seeks dismissal of all the plaintiff's claims against the defendant, DeCruz, based on his alleged qualified immunity. *See* Dkt. No. 20 at 2.

## II.   ANALYSIS

The plaintiff does not oppose dismissal of her alternative claim under the Fourteenth Amendment (Count II) against the defendant. In footnote 2 of her response, the plaintiff concedes that the constitutional claim falls under the Fourth Amendment and does not oppose dismissal of the Fourteenth Amendment (Count II) claim. Dkt. No. 21 at 5 n.2. Because of that statement, the undersigned recommends that the defendant's motion be **GRANTED-IN-PART** as to plaintiff's Fourteenth Amendment (Count II) claim. The Court addresses the remainder of the motion regarding the plaintiff's Fourth Amendment (Count I) claim against the defendant.

Defendant DeCruz's motion to dismiss is governed by Rule 12 of the Federal Rules of Civil Procedure. Dkt. No. 20 at 2 (citing Rule 12(b)(6)). When considering a motion to dismiss under Rule 12(b)(6), the Court must accept as true all well-pleaded facts in the plaintiff's complaint and view those facts and all reasonable inferences that can be drawn from them in the light most favorable to the plaintiff. *Bowlby v. City of Aberdeen*, 681 F.3d 215, 219 (5th Cir. 2012). This evaluation considers the facts as plead but disregards bare conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009).

The defendant's assertion of qualified immunity requires the Court to evaluate that defense at the pleading stage. The plaintiff's amended complaint must include sufficient facts to overcome a claim of qualified immunity. *Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Doing so requires the plaintiff to allege facts that show a violation of the plaintiff's constitutional rights and the defendant's conduct was objectively unreasonable under established law. *See, e.g., Powers v. Northside Indep. Sch. Dist.*, 951 F.3d 298, 305–06 (5th Cir. 2020). Seizure through the application of deadly force can support a violation of a person's Fourth Amendment right to be free from unreasonable seizures. *See Tennessee v. Garner*, 471 U.S. 1, 7 (1985) (holding "that apprehension by the use of deadly force is a seizure subject to the reasonableness requirement of the Fourth Amendment."); *see also Bakutis v. Dean*, 129 F.4th 299, 306 (5th Cir. 2025). Stated another way, the Fourth Amendment protects against the use of excessive—deadly—force to effect a seizure, and for a plaintiff to prevail the plaintiff must show "(1) an injury, (2) that resulted directly from an officer's use of force, and (3) that the force used was 'objectively unreasonable.'" *Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021) (quoting *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004)).

The plaintiff has satisfied the first element necessary to overcome a defense of qualified immunity at the pleading stage. The plaintiff has alleged that Mr. Dean had complied with the traffic stop by stopping his vehicle and rolling down the passenger side window when Defendant DeCruz approached. Dkt. No. 13 ¶¶ 21-23. The plaintiff further alleged that as Defendant DeCruz approached, he unholstered his weapon, and pointed it through the window at Mr. Dean. *Id*. ¶¶ 24-25. Finally, the plaintiff alleges that the weapon discharged striking Mr. Dean in the head and killing him. *Id*. ¶¶ 25-26. The plaintiff repeatedly alleges that this application of force was excessive. *Id*. ¶¶ 2, 52-53. This is sufficient to allege a constitutional violation, and the defendant's motion does not challenge that. *See* Dkt. No. 20; *Tennessee*, 471 U.S. at 7 (holding that a seizure by deadly force is subject to a reasonableness requirement).

The plaintiff's claim also satisfies the second element to overcome qualified immunity at the pleading stage—that Defendant DeCruz's conduct was intentional. The defendant relies heavily on *Bryant v. Gillem* to claim that the plaintiff must allege an intentional violation of the plaintiff's rights. Dkt. No. 20 at 5 n.26 (citing *Bryant v. Gillem*, 965 F.3d 387, 392 (5th Cir. 2020)). *Bryant* was notably decided at the summary judgment stage with substantial evidence that negated any intent. *Bryant*, 965 F.3d at 389-390. As this case is at the pleading stage, the Court must address the plaintiff's factual pleadings and any reasonable inference that can be drawn from them. *Bowlby*, 681 F.3d at 219. The live complaint makes the factual allegations that the defendant drew his weapon, pointed it in the car window, and discharged it. Dkt. No. 21 at 8; Dkt. No. 13 ¶¶ 24-26. While the plaintiff does not use the specific words intent or intentionally, a plain reading of the complaint and a reasonable inference is that Defendant DeCruz committed each of these acts intentionally—unholstering his weapon, pointing it through the car window at Mr. Dean, and discharging it. As the fatal shot struck Mr. Dean in the head, it is also a reasonable

inference that Defendant DeCruz intentionally pointed his weapon at Mr. Dean's head. When these allegations and inferences are taken together, the plaintiff has sufficiently plead that Defendant DeCruz's conduct was objectively unreasonable, and Defendant DeCruz's motion should be **DENIED-IN-PART**.

### III.     RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that Defendant DeCruz's Motion to Dismiss (Dkt. No. 20) be **GRANTED-IN-PART** as to the Fourteenth Amendment (Count II) Claim and **DENIED-IN-PART** as to the Fourth Amendment (Count I) Claim**.**

### IV.     OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

SIGNED this 24th day of June, 2025.

                                            _____
                                            DEREK T. GILLILAND
                                            UNITED STATES MAGISTRATE JUDGE